WILLIE HONEYCUTT v. SHERRILL STENDER THOMASON AND
OTIS R. TROGDEN AND MRS. OTIS R. TROGDEN.

(Filed 10 April 1963.)

APPEAL by plaintiff from *Gambill, J.,* September 24, 1962 Term of
FORSYTH.

Civil action to recover damages for personal injury to plaintiff
allegedly caused by the actionable negligence of defendants in the
operation of an automobile.

About 8:10 P.M. on 13 November 1959 defendant Thomason was
driving the family purpose automobile of Otis R. Trogden at the re-
quest of and on a mission for Mrs. Otis R. Trogden. The Trogdens
were not in the automobile. Defendant Thomason was driving south-
wardly on Highway 311 in Forsyth County. Plaintiff, who was travel-
ling in the same direction, overtook and attempted to pass the auto-
mobile driven by Thomason. Thomason attempted to turn left and
enter a private driveway. The cars collided at a point 3 feet from the
east edge of the hardsurface and 8 feet north of the entrance to the
driveway. It was dark; the weather was fair, and the road dry. The
accident occurred on a downgrade. The road was straight for about
500 feet north of the point of collision. The posted speed limit was 55
miles per hour.

Plaintiff's account of the accident: Plaintiff was travelling at a
speed of 45 to 50 miles per hour. He came up behind defendants' car
which was moving slowly, 15 to 20 miles per hour. He blinked his
lights and turned left to pass, and when he was almost abreast defend-
ants' car it pulled to the left and the vehicles collided. Defendant
Thomason gave no turn signal and plaintiff did not see a brake light.
Plaintiff did not sound his horn or apply brakes. After the collision
plaintiff's car ran into the road ditch, continued forward 80 feet, and
struck a tree. Plaintiff was injured.

Defendants' version: Thomason was driving at a speed of 35 to 40
miles per hour. When about 200 feet from the driveway she gave a left
turn, blinking light signal. She applied brakes and reduced her speed
to about 10 miles per hour before beginning her turn. Before turning
she looked in her rear-view mirrow and saw a car approaching, but "it
was not anywhere near" her. When her left front wheel was almost
off the pavement the collision occurred. Her car stopped "right where
it was." Plaintiff's lights did not blink and she did not hear a horn
sound. There was no other traffic.

Issues of negligence, contributory negligence and damages ·were submitted to the jury. The jury answered the negligence issue "No." Judgment was entered denying recovery and dismissing the action.

*James J. Booker and Clyde C. Randolph, Jr., for plaintiff.*
*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson for defendants.*

PER CURIAM. All of plaintiff's assignments of error relate to the charge. They are without merit. The conflicts in the accounts of the accident made a case for the twelve. The court submitted the case to the jury on instructions free of prejudicial error.

No error.